FILED ___ LODGE
RECEIVED ___ COPY

DEC 24 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**DAVID C. MAKI,**                                                                                      PLAINTIFF,

vs.

COMPLAINT
(Jury Trial Demanded)

CASE NO.   CV-15-2625-PHX-SRB

Northern Sky Partners, II, L.P., a purportedly formed
Washington Limited Partnership;
NSII, LLC, a Nevada Limited Liability Company,
as the Managing General Partner of Northern Sky Partners, II, L.P.;
ALLAN P. HARRIS, Individually, as Managing Member of NSII, LLC,
and as Co-Manager of Northern Sky Partners, II, L.P.;
JOHN W. KERCHEVAL, III, Individually, as Managing Member of NSII, LLC,
and as Co-Manager of Northern Sky Partners, II, L.P.;
SUNDIN & FISH, PLC an Arizona Professional
Limited Liability Company; and
Paul B. Sundin, Individually and as Manager of Sundin & Fish, PLC,

                                                                                                        DEFENDANTS.

SERVE:

Northern Sky Partners, II, L.P., a purportedly formed Washington Limited Partnership, by its General Partner: NSII, LLC:
                  4400 North Scottsdale Road
                  Suite 9-257
                  Scottsdale, Arizona 85251

NSII, LLC, by its registered agent:
                  United States Corporation Agents, Inc.
                  500 N. Rainbow Blvd., Ste. 300A
                  Las Vegas, NV  89107

Charles C. Mihalek, P.S.C.
Attorneys at Law
180 N. Mill Street
Lexington, KY 40507

ALLAN P. HARRIS, individually, as Managing Member of NSII, LLC, and as Co-Manager of Northern Sky Partners, II, L.P.:
    4400 North Scottsdale Road, Suite 9-257
    Scottsdale, AZ 85251

JOHN W. KERCHEVAL, III, individually, as Managing Member of NSII, LLC, and as Co-Manager of Northern Sky Partners, II, L.P.:
    4400 North Scottsdale Road, Suite 9-257
    Scottsdale, AZ 85251

SUNDIN & FISH, PLC by its registered agent:
    NJ Fish Co. CPA, PLC
    2450 S. Gilbert Road, Ste. 100
    Chandler, AZ 85286

Paul B. Sundin, Individually and as Manager of Sundin & Fish, PLC:
    Care of Sundin & Fish, PLC
    2450 S. Gilbert Road, Ste. 100
    Chandler, AZ 85286

\* \* \* \* \*

Plaintiff, David C. Maki, an individual domiciled in West Virginia, by and through his undersigned counsel, makes the following Complaint against Northern Sky Partners, II, L.P., NSII, LLC, Allan P. Harris, John W. Kercheval, III, Sundin & Fish, PLC and Paul B. Sundin.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it involves citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that Defendants reside and maintain their primary places of business in this judicial district, a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and because the Defendants are subject to this Court's personal

jurisdiction as each has conducted business from, resides in and/or has sufficient minimum contacts with this judicial district such that the ends of justice will be met by laying venue in this district.

## II. IDENTIFICATION OF PARTIES

3. **Plaintiff.** David C. Maki, ("Maki") is an individual who resides and works in Lewisburg, West Virginia. Maki is a party to certain Partnership Agreements with NSII, PPC, the General Partner of the purportedly formed and existing Washington Limited Partnership, Northern Sky Partners, II, L.P. (hereinafter sometimes referred to as the "Limited Partnership").

4. **Defendant Northern Sky Partners, II, L.P.** Northern Sky Partners, II, L.P. was purportedly a limited partnership duly formed and existing under the laws of the State of Washington. Its principal place of business was reported as 4400 North Scottsdale Road, Suite 9-257, Scottsdale, Arizona 85251.

5. **Defendant NSII, LLC.** NSII, LLC is a Nevada limited liability company in good standing which purports to be the General Partner of Northern Sky Partners, II, L.P. NSII, LLC's principal place of business is located at 4400 North Scottsdale Road, Suite 9-257, Scottsdale, Arizona 85251. The managing members of NSII, LLC are Defendants Allan P. Harris and John W. Kercheval, III. The registered agent for NSII, LLC is United States Corporation Agents, Inc. located at 500 N. Rainbow Blvd., Ste 300A Las Vegas, NV 89107.

6. **Defendant Allan P. Harris.** Allan P. Harris ("Harris") is an individual and the co-managing member of NSII, LLC, the purported General Partner of Northern Sky Partners, II, L.P. At times material and relevant hereto, Harris resided in and

Charles C. Mihalek, P.S.C.
Attorneys at Law
180 N. Mill Street
Lexington, KY 40507

conducted business in and from Scottsdale, Arizona.

7. **Defendant John W. Kercheval, III.** John W. Kercheval, III ("Kercheval") is an individual and the co-managing member of NSII, LLC, the purported General Partner of Northern Sky Partners, II, L.P. At times material and relevant hereto, Kercheval resided in and/or conducted business in and from Scottsdale, Arizona.

8. **Defendant Sundin & Fish, PLC.** Sundin & Fish, PLC ("Sundin & Fish") is an Arizona professional limited liability company which conducts accounting business for NSII, LLC and the purported Northern Sky Partners, II, L.P. Sundin and Fish's principal place of business is located at 2450 South Gilbert Road, Suite 100, Chandler, Arizona 85286. The registered agent for Sundin & Fish, PLC is NJ Fish Co. CPA, PLC, 2450 S. Gilbert Road, Ste. 100, Chandler, AZ 85286.

9. **Paul B. Sundin.** Paul B. Sundin ("Sundin") is an individual and a managing member of Sundin & Fish, PLC. Sundin is a certified public account who resides and works from Chandler, Arizona. Sundin was the individual accountant who, at all times material and relevant hereto, prepared tax forms (K-1s) and income tax returns for the purported Washington limited partnership, Northern Sky Partners, II, L.P.

## RELEVANT FACTS

10. This case involves a limited partnership which was purportedly legally formed for the purpose of investing in a specialized securities-trading platform developed and marketed via the internet by Defendants Harris and Kercheval.

11. Plaintiff first learned of Harris and Kercheval's proprietary trading platform when he began reading Harris's free internet blog site called "All Allan." In it, Harris touted his trading expertise and the positive results that one could obtain if they

4

were to subscribe to his "Allan Trends" internet newsletter - a paid subscription service. Plaintiff subscribed to Allan Trends in 2011.

12. Plaintiff reached out to Defendant Harris about investing in a managed fund which utilized his proprietary trading strategy. Harris told Plaintiff they were accepting limited partners into a legally formed and existing limited partnership which operated as a hedge fund to implement the proprietary (and profitable) trading strategy developed by Harris.

13. In or around July 2011, Defendant Harris sent documents to Plaintiff via the United States Mail for Plaintiff to sign in order to invest in the Limited Partnership, *to wit:* 1) a Northern Sky Partners, II, L.P. Partnership Agreement (attached hereto as Exhibit A); and 2) a Northern Sky Partners, II, L.P. Non-Institutional Partner Agreement (attached hereto as Exhibit B).

14. Both Agreements represent that Northern Sky Partners, II, L.P. is a legally formed and existing Washington State limited partnership and that Plaintiff was joining as a limited partner. Please see, Exhibits A and B.

15. Based on Defendants repeated representations that Northern Sky Partners, II, Limited Partnership was a duly formed and existing Washington limited partnership, on July 5, 2011, Plaintiff invested $1,000,000 in two separate wire transfers[1] to Northern Sky Partners, II, L.P. However, upon information and belief, said Limited Partnership was never formed under Washington law, and never existed.

16. All trading activities of the Limited Partnership were to be conducted by

---

[1] $600,000 was wired from Plaintiff's TD Ameritrade account to a Bank of America account maintained in the name of Northern Sky Partners II, L.P. on July 5, 2011. On July 11, 2011, an additional $400,000 was wired from Plaintiff's Everbank account to the same Northern Sky Partners II, L.P. Bank of America account.

5

the general partner, NSII, LLC and its managing members, Defendants Harris and Kercheval.

17. Defendants NSII, LLC, Harris and Kercheval repeatedly and continuously misrepresented the existence of the Northern Sky Partners, II, L.P. in subsequent email and correspondence, some of which touted the trading profits which the Limited Partnership purportedly earned.

18. Defendants Sundin & Fish and Sundin aided and abetted the misrepresentation as to the existence and financial condition of the Limited Partnership when they created and caused to be sent Schedule K-1 (IRS Form 1065) for tax years 2011, 2012, 2013 and 2014. These tax forms detailed Plaintiff's investment in the Northern Sky Partners, II, Limited Partnership as follows:

| TAX YEAR | BEGINNING ACCOUNT VALUE + CONTRIBUTIONS | PARTNERS INCOME OR (LOSSES) | CURRENT YEAR INCREASE or (DECREASE) | ENDING CAPITAL ACCOUNT VALUE |
|---|---|---|---|---|
| 2011 | 1,021,087 | (85,821) | (85,821) | 935,334 |
| 2012 | 935,334 | (147,921) | (131,667) | 803,667 |
| 2013 | 803,667 | (124,153) | (88,341) | 715,326 |
| 2014 | 715,326 | (65,231) | (715,326) | 0 |

19. The K-1's reflect Maki's total losses attributed to him for tax years 2011-2013 as $357,895. When Plaintiff received his 2013 K-1 at the end of March 2014 and saw that his million-dollar capital account had fallen to $715,326, he contacted Defendant Harris to withdraw from the Limited Partnership and liquidate his investment in April

2014. During these discussions, Harris advised Plaintiff that there was no money left in the Limited Partnership except for something under $10,000.

20. Plaintiff subsequently sought out and hired legal counsel who made a demand on his behalf to the general partner, its managing members, and its accountants to review the books and records of the Limited Partnership pursuant to the Arizona Revised Uniform Limited Partnership Act. A.R.S. §29-305. See Exhibit C.

21. Defendants denied Plaintiff's demand for an accounting, citing confidentiality concerns for the fictitious Limited Partnership and this lawsuit ensued for an accounting and for damages.

### FIRST CAUSE OF ACTION
(Fraud in the Inducement against Northern Sky Partners, II, L.P., NSII, LLC, Harris and Kercheval)

22. The allegations and averments made in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

23. Plaintiff alleges that Defendants Northern Sky Partners, II, L.P., NSII, LLC, Harris and Kercheval made oral and written material misrepresentations to him and omitted material facts from him which were material and induced him to enter into the Limited Partnership agreements (Exhibits A and B) and invest $1,000,000 into the Limited Partnership, including, but not limited to, the following.

**Material Misrepresentations**

a) Northern Sky Partners II, L.P. is a limited partnership duly formed under the laws of the State of Washington. See, Exhibit 1, p.1.

False because Northern Sky Partners II, L.P. was never legally formed and therefore did not exist as a limited partnership.

b) The proprietary trading program previously generated substantial profits for investors and would generate similarly large profits for

Plaintiff.

False because the profits generated by the trading did not exist or they were materially overstated.

**Omissions of Material Facts**

a) That Defendant Harris and the Partnership trader, Joseph Prewitt, were sanctioned by the Commodities Futures Trading Commission in May 2000 for advertising and overstating profits on their website (www.trendysystems.com) and that those "profits" were generated by hypothetical trading and that their actual trading over the same time periods generated losses.

b) That Plaintiff's $1,000,000 investment would be used by Harris and Kercheval to support their own needs and desires and not invested for Plaintiff's benefit.

c) That Northern Sky Partners, II, L.P. was never legally formed and therefore did not exist.

d) That Plaintiff could be adjudged a partner in a general partnership and thus be liable for all debts and obligations of the partnership and the other partners, known and unknown to Plaintiff.

24. Plaintiff had the right to rely on, and did rely on, the foregoing misrepresentations and Plaintiff would have acted upon the omissions.

25. Plaintiff did not know that Northern Sky Partners, II, L.P. was never duly formed under the laws of the State of Washington and that he could be liable for all the debts and obligations of the partnership and partners. Nor did Plaintiff know that Harris was the subject of prior cease and desist order issued by the Commodities Futures Trading Commission, or that NSII, LLC, Harris and Kercheval could utilize his invested funds for any purposes they chose.

26. Plaintiff alleges that each representation and omission was material to him. Plaintiff would not have executed agreements to become a limited partner in a fictitious entity. Plaintiff would not have invested $1,000,000 in the Limited Partnership had he

known that: 1) Northern Sky Partners, II, L.P. did not legally exist; 2) that Harris was the subject of a cease and desist order issued by the CFTC which alleged unlawful conduct nearly identical to the conduct which induced Plaintiff to invest; 3) that Plaintiff could be legally liable for all the debts and obligations of the partnership and other partners since no limited partnership was formed; or 4) that Harris and Kercheval could use his $1,000,000 investment for any purpose they chose.

27. Defendants Northern Sky Partners, II, L.P., NSII, LLC, Harris and Kercheval knew or should have known of the falsity of the representations that a Washington limited partnership existed and that they had previously generated large profits for the benefit of previous investors. These Defendants knew or should have known that Plaintiff (or any other reasonable investor) would deem the above misrepresentations and omissions as material to his decision to invest $1,000,000 in the Limited Partnership.

28. Defendants Northern Sky Partners, II, L.P., NSII, LLC, Harris and Kercheval intentionally misrepresented and omitted material facts to induce Plaintiff to invest in the fictitious Limited Partnership, which Plaintiff did. As a result, Plaintiff alleges that the contracts attached as Exhibits A and B are void *ab initio*.

29. In addition to having the contracts deemed void *ab initio*, Plaintiff seeks monetary damages of at least $1,000,000 which are a direct and proximate result of the Defendants' misrepresentations and omissions.

## SECOND CAUSE OF ACTION
**(Breach of Fiduciary Duty against NSII, LLC, Harris and Kercheval)**

30. The allegations and averments made in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

31. NSII, LLC, as general partner, and Harris and Kercheval, as Managers of the Limited Partnership, owed a fiduciary duty to limited or general partners under Arizona law. The fiduciary duty is characterized as an obligation of "utmost good faith" and as refraining from taking advantage of another partner by even "the slightest misrepresentation, concealment, threat or adverse pressure of any kind." *Desantis v. Dixon*, 236 P.2d 38, 41 (Ar. 1951).

32. Defendants NSII, LLC, Harris and Kercheval breached their fiduciary duties to Plaintiff in the following particulars:

    a. When they misrepresented the existence of the Limited Partnership and fraudulently induced Plaintiff to invest $1,000,000 in the fictitious entity;

    b. When they failed to advise Plaintiff that Defendant Harris and the Partnership trader, Joseph Prewitt, were sanctioned by the Commodities Futures Trading Commission in May 2000 for advertising and overstating profits on their website (www.trendysystems.com) which were generated by hypothetical trading and failing to disclose that their actual trading over the same time periods resulted in losses;

    c. When they misrepresented the value of Maki's capital account by issuing false and misleading K-1's; and

    d. When they failed to provide Plaintiff with the information to which a partner is legally entitled under the Arizona statutory law – which rights cannot be waived by a written agreement or otherwise; and

    e. By placing their own interests ahead of their fiduciary, Maki.

33. Defendants NSII, LLC, Harris and Kercheval also breached their fiduciary duty to Plaintiff by drafting, presenting and entering into agreements which were unconscionable, misleading, illegal, not commercially reasonable and unenforceable. See Exhibits A and B.

34. Plaintiff has been damaged and irreparably harmed as a direct and proximate result of Defendants NSII, LLC, Harris and Kercheval's breaches of fiduciary duties, including but not limited to the entire loss of his ONE MILLION DOLLAR investment without explanation or accounting.

### THIRD CAUSE OF ACTION
(Aiding and Abetting Breach of Fiduciary Duty
against Sundin & Fish, PLC and Sundin)

35. The allegations and averments made in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

36. As alleged above, Defendants NSII, LLC, Harris and Kercheval owed the Plaintiff a fiduciary duty and repeatedly breached those duties.

37. Defendants Sundin & Fish and Sundin substantially assisted Defendants NSII, LLC, Harris and Kercheval in the achievement of the breaches in creating and submitting to Plaintiff false and misleading K-1's on behalf of the Limited Partnership as detailed above.

38. Additionally, Defendants Sundin & Fish and Sundin provided substantial assistance in the Limited Partnership's unlawful conduct by misrepresenting the existence of the Limited Partnership, by concealing the Limited Partnership's severe and ongoing financial problems and by preventing the Plaintiff from gaining access to the books and records of the Partnership.

39. The Plaintiff was damaged and irreparably harmed as a direct and proximate result of Defendants Sundin & Fish and Sundin's conduct in aiding and abetting Defendants NSII, Harris and Kercheval's breaches of fiduciary duty as alleged herein, including but not limited to the entire loss of his ONE MILLION DOLLAR investment without explanation or justification.

### FOURTH CAUSE OF ACTION
(Claim for Accounting against all Defendants)

40. The allegations and averments made in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

41. Arizona law authorizes actions for accounting of limited partnerships and of general partnerships.

42. Despite a demand for copies of or access to the books and records of the Limited Partnership directed to its General Partner, the managing partners of the Limited Partnership, the managing members of the General Partner, and the Limited Partnership's accountants, Defendants have failed to provide such information to the Plaintiff.

43. Accordingly, Plaintiff is entitled to an accounting of, and access to, all Limited Partnership documents and records reflecting assets, liabilities, contributions, withdrawals, trading activity and fees paid by the Partnership from July 5, 2011 to date.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable, and prays for damages against Defendants, as follows:

**Accounting.** Plaintiff demands an accounting of all assets, liabilities, contributions to, distributions from, fees paid by and the trading activity undertaken by the Limited Partnership, if any, from July 5, 2011 to date or to its winding up of affairs.

Plaintiff further demands access to, or to be provided with, any and all Limited Partnership records including but not limited to:

> A current list of the full name and last known business address of each partner separately identifying the general partners and the limited partners;
>
> A copy of the certificate of Limited Partnership and all certificates of amendment thereto, together with executed copies of any powers of attorney, pursuant to which any certificate has been issued;
>
> Copies of the Partnership's federal, state and local income tax returns and reports, if any, for 2011, 2012, 2013 and 2014;
>
> Copies of any then effective written partnership agreements;
>
> Copies of the Partnership's financial statements for 2011, 2012, 2013 and 2014, including an accounting of the amount of cash and a description and statement of the agreed value of the other property of services contributed by each partner; and
>
> Copies of bank account records and securities account records of the Partnership for 2011, 2012, 2013 and 2014.

**Compensatory Damages.** Plaintiff demands, jointly and severally from Defendants, compensatory damages of at least ONE MILLION DOLLARS ($1,000,000).

**Pre-Judgment Interest.** Plaintiff demands, jointly and severally from Defendants, pre-judgment interest on the compensatory damages as provided by Arizona law.

**Post-Judgment Interest.** Plaintiff demands, jointly and severally from Defendants, post-judgment interest on any judgment entered herein from the date of said judgment until paid in full as provided for under Arizona law.

**Attorneys' Fees and Costs.** Plaintiff demands, jointly and severally from Defendants, all of Plaintiff's attorneys' fees and costs associated with the within action as provided for under Arizona law.

**Punitive Damages.**   Plaintiff demands, jointly and severally from Defendants, punitive damages for the intentional and egregious conduct on the part of Defendants done intentionally to damage Plaintiff or with total disregard of Plaintiff's financial interests; and to deter Defendants from engaging in such conduct in the future in an amount to be determined by the evidence.

**Additional Relief.**   Plaintiff demands from Defendants any such other and additional relief to which Plaintiff may be entitled.

Respectfully submitted,

CHARLES C. MIHALEK, P.S.C.

BY: *Charles C. Mihalek*
Charles C. Mihalek, Esq.
Ky. Bar No. 47650
Steven M. McCauley, Esq.
Ky. Bar No. 83638
180 North Mill Street
Lexington, KY 40507
(859) 233-1805
**Attorneys for Plaintiff**

Mark E. House, Esq.
AZ Bar No. 020187
Allison E. Evans, Esq.
AZ Bar No. 027965
Becker & House, LLC
7025 East Greenway Parkway
Suite 800
Scottsdale, Arizona  85254
(480) 240-4020
**LOCAL COUNSEL**