**Davis Miles**
**McGuire Gardner**

40 E. Rio Salado Parkway, Suite 425
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

David W. Williams, Esq. – State Bar No. 022764
dwilliams@davismiles.com
Emma J. Chalverus, Esq. – State Bar No. 033340
echalverus@davismiles.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| David C. Maki, <br><br> Plaintiff, <br><br> vs. <br><br> NSII, LLC, a Nevada Limited Liability Company, as the Managing General Partner of Northern Sky Partners, II, L.P.; Allan P. Harris, Individually, as Managing Member of NSII, LLC, and as Co-Manager of Northern Sky Partners, II, L.P.; John W. Kercheval, III, Individually, as Managing Member of NSII, LLC, and as Co-Manager of Northern Sky Partners, II, L.P.; Sundin & Fish, PLC, an Arizona Professional Limited Liability Company; and Paul B. Sundin, Individually and as Manager of Sundin & Fish, PLC, <br><br> Defendants. | CASE NO.  2:15-cv-02625-SPB <br><br> **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE OTHER PARTNERSHIP AGREEMENTS** <br><br> (Assigned to the Honorable Susan R. Bolton) |

Defendants NSII, LLC, John Kercheval and Allan P. Harris ("Defendants"), respectfully move the Court for an order precluding any reference to or use of other

1

partnership agreements produced during the litigation because the other agreements are not relevant and are unduly prejudicial and will cause confusion of the jury.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

During the course of discovery, Defendants produced other partnership agreements for Northern Skies Partnership II that were executed by other limited partners. Further, Plaintiff obtained earlier versions of partnership agreements for Northern Skies. It is unclear what Plaintiff intends to use these agreements for at trial, but they are inadmissible because they are not relevant and are unduly prejudicial and will confuse the jury during the trial.

### II. THE OTHER PARTNERSHIP AGREEMENTS ARE INADMISSIBLE UNDER RULES 401 AND 403.

Earlier versions of the partnership agreements for Northern Skies have nothing to do with Plaintiff's claims and will cause confusion with the jury, waste time at trial and are unduly prejudicial.

Only evidence that is relevant is admissible. Fed. R. Evid. 401. Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action" more or less probable. Fed. R. Evid. 402. Here, the earlier partnership agreements are irrelevant. Plaintiff never saw the agreements prior to investing in Northern Skies, and only obtained the agreements during the course of discovery. Plaintiff has testified that he reviewed the Limited Partnership documents that he executed as part of the investment, and had sufficient time to consult with anyone he deemed necessary. Plaintiff has not identified anything about the earlier partnership agreements that would constitute anything that he believes should have been disclosed by Defendants. Even so, the Limited Partnership Agreement that Plaintiff executed has an integration clause that would make

2

reference to some earlier versions absolutely irrelevant for purposes of trying to "undo" his investment decision.

Moreover, the proffered evidence violates Rule 403, Fed. R. Evid. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.403. Even if the prior agreements had some minimally probative value, the prior agreements are highly prejudicial and likely to confuse the jury. Plaintiff may point to the agreements as some basis for how he should have gotten a "better deal" on his investment when he already had the Limited Partnership Agreement and ultimately executed that version of the Agreement. Further, Defendants will be required to spend additional time at trial clarifying the nuanced differences between the agreements and why certain things were changed between each version of the agreements over time. This will result in possible confusion by the jury and ultimately waste time on collateral, unrelated issues. Given the prejudicial nature of the allegations and the potential to mislead the jury and confuse the issues at trial, such substantially outweighs any minimal relevance of such evidence and is inadmissible under Rule 403.

### III. CONCLUSION

For the foregoing reasons, the prior versions of the partnership agreements are inadmissible and Defendants respectfully request that the Court preclude Plaintiff from introducing evidence of or referencing the prior agreements at trial.

DATED this 6ʰ day of December, 2017.

                **DAVIS MILES MCGUIRE GARDNER, PLLC**

                By:  /s/ David W. Williams
                      David W. Williams
                      40 East Rio Salado Parkway, Suite 425
                      Tempe, AZ  85281
                      *Attorneys for Defendants Northern Sky Partners, II, LP, NSII, LLC, Allan P. Harris and John W. Kercheval III*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6ᵗʰ day of December, 2017, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jeffrey D. Gardner, Esq.
Jennings Strouss & Salmon, P.L.C.
One East Washington St., Suite 1900
Phoenix, AZ 85004
jgardner@jsslaw.com
*Attorneys for Plaintiff*

Charles C. Mihalek, Esq.
Steven M. McCauley, Esq.
Charles C. Mihalek P.S.C.
180 N. Mill Street
Lexington, Kentucky 40507
mihaleklaw@mis.net
*Admitted Pro Hac Vice as Attorneys for Plaintiff*

By:  /s/ Stephanie DeBuhr